## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. HENDERSON.*
### GREEN, Superintendent of Banks of Alabama, v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.

#### No. 5989.

Circuit Court of Appeals, Fifth Circuit.

Dec. 19, 1930.

*Rehearing denied February 21, 1931.

Jim C. Smith, of Birmingham, Ala. (London, Yancey & Brower, of Birmingham, Ala., on the brief), for appellant Pacific Mut. Life Ins. Co.

W. A. Weaver and M. C. Stewart, both of Birmingham, Ala., for appellee Henderson.

Horace C. Wilkinson, of Birmingham, Ala., for appellant Green.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

These are two actions on a single insurance policy on the life of S. H. Henderson, deceased, payable to his estate; one by the administratrix of the estate, and the other by the superintendent of banks, charged by law with liquidation of the affairs of the Woodlawn Savings Bank. They were consolidated for trial. The insurance company defended both actions on the ground that the policy was a wagering contract, in that it was taken out by the bank at a time when Henderson was not indebted to it. As between the two plaintiffs, the insurance company contended that, if either was entitled to recover, it was the superintendent of banks, because the bank held an assignment of the policy.

The policy on its face acknowledged payment of the first annual premium paid by the insured. The assignment post-dated the policy, but the two were delivered about the same time. Whether they were separate transactions were disputed questions which were submitted to the jury. It is the theory of the insurance company that the insured was not indebted to the bank either at the time of the issuance of the policy or the making of the assignment, but the assignment purports to have been made as collateral security for debt, and there was evidence sufficient to support the inference that the insured was indebted to the bank. The burden on the insurance company to prove that the policy was a wagering contract was attempted to be met by a stipulation, entered into between it and the superintendent of banks, that all premiums subsequent to the first one were paid by the bank; but the administratrix of Henderson's estate did not join in the stipulation, and therefore was not bound by it. There was no additional proof that the bank paid the premiums. Inasmuch as the right of action was in the administratrix of the estate, upon the discharge of the indebtedness secured by the assignment, both the insurance company and the superintendent of banks undertook to prove that at the time of the trial, the assignment was held as collateral security on a debt of $5,000, and to do so introduced a note for that amount. But this note was challenged by the administratrix on the ground that it was a forgery, and on the question whether it was or not it is admitted that the evidence was in substantial conflict. The difficulties in making proof of these disputed questions of fact arose from the circumstances that the president of the bank was dead or had absconded, and that since his disappearance the ledger sheets showing the account of the insured with the bank had not been found. At the conclusion of all the evidence, the court denied the insurance company's motion to direct a verdict in its favor as against the administratrix, and on the trial she obtained a verdict, upon which judgment was subsequently entered.

The burden was on the insurance company to sustain the defense asserted by it to the effect that the policy was a wagering contract, and this burden it failed to meet. The acknowledgment that the first annual premium was paid by the insured made out a prima facie case for his estate. It therefore was not error to refuse the request for a directed verdict. The evidence was in dispute on the question whether there was an indebtedness of the insured to the bank which was secured by the assignment. If there was no such indebtedness, then the administratrix rather than the superintendent of banks was entitled to recover. It was open to the jury to find that at the date of the policy Henderson was indebted to the bank, with the result that it had an insurable interest in his life; but that the note was a forgery and at its date he was not so indebted, with the result that, the assignment having served its purpose, the title to the policy was in the estate of the insured. The conclusion is that there was credible and substantial evidence to sustain the verdict.

The judgment is affirmed.